**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: BPS DIRECT, LLC, AND** | : | **MDL 3074** |
| **CABELA'S, LLC, WIRETAPPING** | : | |
| | : | |
| | : | **E.D.Pa. ACTION NOS.:** |
| | : | **23-md-3074** |
| | : | **22-cv-4709** |
| | : | **23-cv-2282** |
| | : | **23-cv-2287** |
| | : | **23-cv-2293** |
| | : | **23-cv-2294** |
| | : | **23-cv-2295** |
| | : | **23-cv-2306** |
| | : | **23-cv-2338** |

## CASE MANAGEMENT ORDER No. 1

**AND NOW**, this 26th day of July 2023, following our July 12, 2023 Order (ECF No. 46) beginning meaningful discovery planning including setting Answer and initial motion deadlines and yesterday's extensive First Case Management Conference, it is **ORDERED** the parties shall proceed consistent with Fed. R. Civ. P. 1 to complete all pretrial matters consistent with the Judicial Panel on Multidistrict Litigation's Order centralizing pretrial matters before us (ECF No. 1):

1. Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov.

2. The parties stipulated to several facts (ECF No. 47) and further agree to several procedural steps to mitigate pretrial delay including:

    a. Pretrial preparation will consist of substantial document production and review beginning now and continuing over the next several months followed by a limited number of depositions necessary for class certification motions;

    b. There is no present need to address direct filers into this District;

        c.      Plaintiffs' several attorneys agreed as to shared responsibilities moving forward;

        d.      There are no pending state court cases involving the Defendants' use of session replay technology;

        e.      Defendants moved to vacate the conditional transfer order in *Irvin v. Cabela's LLC*, No. 23-530 (M.D. Pa.) and do not anticipate the case being transferred to our District for purposes of being consolidated for pretrial proceedings but will address as part of our case management upon transfer;

        f.      The cases *Vonbergen v. Bloomingdales.com*, LLC, No. 22-4724 (E.D. Pa.) and *Munday v. Avis Budget Group, Inc*., No. 22-4807 (E.D. Pa.) raise claims against different retailers involving different tracking technology and should proceed separately from this multi-district litigation;

        g.      Counsel can address future transfers of federal cases to this docket including through amended pleadings upon transfer;

        h.      This Order applies to cases involving similar allegations against the Defendants later filed in this District or transferred to this docket but the parties reserve the right to challenge the manner in which future claims are treated including for remand for trial;

        i.      Counsel will work in a cooperative professional manner to resolve issues on confidentiality, electronically stored information, and discovery scheduling compliant with our Policies;

        j.      There is no need for phased discovery;

        k.      There is no need for Plaintiff Fact Sheets at this time addressing issues relating to standing as Plaintiffs assured us they will plead facts allowing us to proceed on a detailed standing analysis in the Consolidated Complaint;

        l.      We will hold rulings on severance and remand questions and setting a trial date on a case remaining in this District until after deciding whether to certify a class and then hearing from counsel as to their proposals; and,

        m.      We will hold periodic status calls to ensure progress consistent with this Order and Rule 1.

### *Plaintiffs' counsel's leadership obligations*

        3.      We confirm the obligations of Plaintiffs' Co-Lead, Liaison, and Steering Committee counsel consistent with our July 12, 2023 Order (ECF No. 45) including thoughtfully managing each member of the Plaintiffs' litigation team to avoid duplicating work, tailoring issues and discovery for the claims, and sharing the work obligations among all members of the Plaintiffs' litigation team as warranted.

        4.      Plaintiffs' designated Co-Lead Counsel shall sign and file on **October 18, 2023** and every sixty days thereafter a sworn spreadsheet identifying the out of pocket costs incurred and hours invested by each member of the Plaintiffs' litigation team on a firm-by-firm basis under columns identifying the general categories of work effort (pleadings/dispositive motions/party discovery/third party discovery/experts/class certification/summary judgment motions) and as then separated on the basis of the substance including time devoted to federal issues including

3

jurisdiction and standing, a particular state's statute plead in the Consolidated Complaint, or common law claims;

a. Co-Lead Counsel shall identify the costs and investment of hours to date and over the immediately preceding month. For example, the first sworn spreadsheet shall include the out-of-pocket costs and time invested from the first date which Plaintiffs may eventually seek an award until September 30, 2023 and the December 18, 2023 sworn spreadsheet shall represent the time invested from October 1, 2023 through November 30, 2023. We offer a suggested spreadsheet example without pride of authorship:

| Date Range: | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | **Pleadings** | **Dispositive Motions** | **Party Discovery** | **Third Party Discovery** | **Experts** | **Class Certification** | **Summary Judgment** |
| *Firm:* XYZ Firm | | 22/51 CTD* | 10/30 | | | | | |
| Costs | | $400/$823 | -- | | | | | |
| Atty: | A.B. | 22/51 | 4/9 | | | | | |
| | C.D. | -- | 6/21 | | | | | |
| *Firm:* ABC Firm | | | | | | | | |
| Costs | | $12/$23 | | | | | | |
| Atty: | W.X | | 44/71 | | | | | |
| | Y.Z. | | 63/89 | | | | | |

---

* CTD stands for "cumulative costs or time to date."

b.      Counsel may not account for time spent in preparing this sworn spreadsheet;

c.      Counsel need not file monthly or daily time records absent further Order following our review of the sworn spreadsheets.

d.      We will request *in camera* review of detailed contemporaneously created time and costs records if warranted after review of the spreadsheet.

### *Initial disclosures and core discovery*

5.      The parties shall timely exchange the initial disclosures by **July 31, 2023** as required under our July 12, 2023 Order (ECF No. 46) including production of identified documents. The production shall include, at a minimum, Plaintiffs' documents possibly confirming access to the identified websites, insurance policies detailed during yesterday's conference, Defendants' identification of records custodians, and contracts with third party vendors.

### *Pleadings and Motions to dismiss (See* **ECF No. 46)**

6.      Plaintiffs are granted leave to file a Consolidated Complaint by no later than **August 14, 2023**.

7.      Defendants may file an Answer by **August 28, 2023** or may choose to respond with a Motion compliant with our Policies along with a supporting Memorandum not exceeding forty pages by **September 5, 2023** consistent with our July 12, 2023 Order. *See* ECF No. 46.

5

***Discovery deadlines and mediation efforts.***

8.      All fact and expert discovery shall be served, noticed, and completed by **August 30, 2024**.[1]

9.      Counsel shall confirm the date, time, and place for all scheduled depositions by email sent to each other no later than **October 18, 2023**.

10.     No later than by **January 12, 2024**, all parties seeking relief of any sort shall serve a detailed written demand upon all parties claimed to be responsible for any claim of relief.   All responding parties shall provide a detailed written response on or before by **January 26, 2024.** All parties seeking relief of any sort shall serve a detailed written supplement demand after the Court rules on Motions for class certification.

11.     Counsel shall meaningfully meet and confer to allow Plaintiffs to file a Notice by no later than **November 30, 2023** as to an agreement on the identity of a private mediator to begin meaningful mediation sessions no later than **April 22, 2024** and continue until lead counsel and the mediator certifies no likelihood of success in future mediation.

12.     We reserve the right to appoint a Rule 53 discovery master after consultation with lead counsel if warranted by the burden imposed on our docket with unresolved discovery disputes.

---

[1] We remind experienced counsel their initial discovery efforts must include adducing facts necessary for us to fully and timely evaluate a motion for class certification. The parties may agree to extend the fact and expert deadlines *without extending filing deadlines* without seeking leave.

*Expert disclosure and testimony.*

13.    Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory on the class certification issues by no later than **February 23, 2024** and on the merits issues by no later than **August 2, 2024.**

14.    If the expert opinion evidence is intended solely **to contradict or rebut** evidence on the same subject matter identified by another party, counsel shall serve such **rebuttal** expert evidence on counsel for every other party as to class certification by no later than **March 25, 2024** and on the merits issues by no later than **August 27, 2024.**

15.    Expert depositions on the class certification issues must be concluded **March 28, 2024** and must be concluded on the merits issues by **August 30, 2024.**

16.    Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance, and the basis for each opinion.

*Class Certification*

17.    Class certification motions, if any, shall be filed no later than **April 2, 2024**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **April 16, 2024**.

18.     Plaintiffs shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix. Parties shall provide Chambers with one paper courtesy copy of all class certification submissions by overnight mail or hand delivery within one business day of filing.

19.     We will hold a class certification hearing on **April 26, 2024** beginning at **9:30 AM** in Courtroom 6B unless we resolve the pending Motion on or before **April 22, 2024** after finding no issues of fact or credibility warranting a hearing.

20.     Any party wishing to introduce live testimony at the class certification hearing as warranted (mindful we can review deposition testimony and exhibits outside of the Courtroom) shall file a pre-hearing Memorandum not exceeding five pages on or before **April 23, 2024** with a brief outline of the arguments and proofs to be adduced during the hearing on a witness-by-witness basis.

8

### *Summary judgment and Rule 702 Motions*

*21.*     Motions for summary judgment and F.R.E. 702 motions, if any, shall be filed no later than **September 9, 2024**. Responses, if any, shall be filed in accord with the Local Rules and this Court's Policies and no later than **September 25, 2024**. Motions for summary judgment and responses shall fully comply with our Policies.

### *Periodic status conferences*

22.     Counsel may request status teleconferences as warranted before mid-October 2023 to address discovery and production concerns. We will otherwise hold our first status telephonic conference on **October 23, 2023** at **8:30 AM EST** over our conference line: (Dial-in Number: 888-278-0296; Access Code: 5723096#).

23.     Plaintiffs' counsel shall file a proposed agenda for our October 2023 status conference offered by any party not exceeding three pages no later than **4:00 PM** on **October 19, 2023.**

**KEARNEY, J.**

9